**MARCIA E. GERSTON** (SBN 119026)
**JUSTIN S. DRAA** (SBN 253688)
GREENFIELD DRAA & HARRINGTON LLP
55 South Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Facsimile: (408) 995-0308
Email: mgerston@greenfieldlaw.com
        jdraa@greenfieldlaw.com

Attorneys for Creditor/Plaintiff
EGGERS ADMINISTRATIVE TRUST PARTNERS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DANIEL JOSEPH SHAW and AMBER JUNE McCLAIN SHAW,<br><br>　　　　Debtors. | Case No. 15-50656 SLJ 7<br><br>Chapter 7 |
| EGGERS ADMINISTRATIVE TRUST PARTNERS, a California general partnership, formerly known as Eggers Administrative Trust,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DANIEL JOSEPH SHAW,<br><br>　　　　Defendant. | Adversary Case No.:<br><br>**COMPLAINT FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)(A), 523(a)(4), and 523(a)(6)** |

Creditor EGGERS ADMINISTRATIVE TRUST PARTNERS, formerly known as Eggers Administrative Trust ("Plaintiff" or "EATP"), by its undersigned counsel, for its complaint against DANIEL JOSEPH SHAW (the "Debtor" or "Defendant"), alleges as

follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this adversary proceeding to determine the dischargeability of a debt under 28 U.S.C. section 157(b)(2) and 28 U.S.C. section 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2).

3. Venue is proper under 28 U.S.C. section 1409.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, a partnership with its principal place of business in the City Danville, County of Contra Costa, State of California.

5. Plaintiff is informed and believes that Defendant is, and at all times mentioned herein was, a California licensed real estate salesperson and broker (CA DRE License ID#00971281) doing business in and residing in the County of Santa Clara, State of California.

6. Plaintiff is a creditor of Defendant in a sum in excess of $900,000.00, plus interest, attorney's fees and costs, arising out of Defendant's wrongful conduct as more fully set forth below.

## GENERAL ALLEGATIONS

7. Defendant was, at all relevant times alleged herein, the principal of a real estate investment company called Cupertino Capital. In his capacity as the principal of Cupertino Capital, Defendant identified, made and managed investments for the now-deceased Joseph Eggers and his family. Defendant acted as the servicing agent for various investments, regularly receiving and remitting monthly debt service and other payments. In addition, Defendant undertook the obligation to repay certain notes and became personally indebted on those obligations to Mr. Eggers and/or his successors.

8. In or about January of 2008, Defendant entered into a Loan Agreement (the "2008 Loan Agreement") with EATP. EATP was created to aggregate and process the repayment of the notes and obligations owed by Defendant and EATP became the beneficiary of the notes and obligations owed by Defendant. The various notes and obligations were consolidated into a single note in the amount of $7,796,750 in order to facilitate repayment. A true and correct copy of the 2008 Loan Agreement is attached hereto as Exhibit "A."

9. The Defendant acknowledged that a portion of the consolidated note included an unauthorized transfer in the amount of $900,000. In connection with the 2008 Loan Agreement, Defendant executed a document entitled Acknowledgment of Unauthorized Transfer and Related Obligation (hereafter referred to as the "Acknowledgment of Unauthorized Transfer").

10. In or about June 2012, Defendant and EATP entered into an Extension Agreement and General Release (the "Extension Agreement"), which again identified and confirmed Defendant's unauthorized transfer and breaches of fiduciary duty to Plaintiff.

11. The $900,000 remains wholly unpaid, notwithstanding demands made by Plaintiff or its predecessors in interest.

12. On or about February 27, 2015, Defendant filed a Voluntary Petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Defendant, along with his wife, is the debtor in this Chapter 7 case, Northern District of California Bankruptcy Court Case No. 15-50656 SLJ 7.

**FIRST CAUSE OF ACTION**
**[Non-Dischargeability Under 11 U.S.C. § 523(a)(2)(A)]**

13. Plaintiff refers to the allegations in Paragraphs 1 through 12, above, inclusive, and by such reference incorporate the same herein as though fully set forth.

14. On or about July 2007, the Debtor received $900,000 as an agent for, and for the benefit of, Plaintiff. Instead of remitting those proceeds to Plaintiff as required, Defendant diverted and misappropriated those funds for his own benefit, without the knowledge or consent of Plaintiff.

15. The debt is non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code, as a debt for money and property obtained by false pretenses, false representations, and actual fraud.

Wherefore, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**[Non-Dischargeability Under 11 U.S.C. § 523(a)(4)]**

16. Plaintiff incorporates by reference Paragraphs 1 through 15, above, as though fully stated herein.

17. Defendant's herein described acts involving the misappropriation of Plaintiff's $900,000 was all done while acting in a fiduciary capacity to Plaintiff.

18. As a result of Defendants perpetration of fraud and defalcation against the Plaintiff while acting in a fiduciary capacity, as alleged above, the debt owing to Plaintiff should be determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

Wherefore, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**[Non-Dischargeability Under 11 U.S.C. § 523(a)(6)]**

19. Plaintiff incorporates by reference Paragraphs 1 through 18, above, as though fully stated herein.

20. Defendant's debt to Plaintiff is non-dischargeable under the provisions of Section 523(a)(6) of the Bankruptcy Code, as a debt for willful and malicious injury by the Defendant to the property of Plaintiff.

Wherefore, Plaintiff prays that this Court enter Judgment:

1. Judgment for Non-Dischargeability in the total amount of $900,000 pursuant to 11 U.S.C. 523(a)(2)(A), 11 U.S.C. 523(a)(4), and 11 U.S.C. 523(a)(6);
2. For Plaintiff's attorney's fees and costs of suit herein; and
3. For such other and further relief as the court may deem just and proper.

Dated: June 1, 2015            GREENFIELD DRAA & HARRINGTON LLP


By: /s/ *Justin S. Draa*
    JUSTIN S. DRAA
    Attorneys for Creditor/Plaintiff
    EGGERS ADMINISTRATIVE TRUST PARTNERS