| | |
|---|---|
| 1 | FRANK R. UBHAUS, CA STATE BAR NO. 46085 |
| | BERLINER COHEN, LLP |
| 2 | TEN ALMADEN BOULEVARD |
| | ELEVENTH FLOOR |
| 3 | SAN JOSE, CALIFORNIA 95113-2233 |
| | TELEPHONE: (408) 286-5800 |
| 4 | FACSIMILE: (408) 998-5388 |
| | frank.ubhaus@berliner.com |
| 5 | |
| 6 | ATTORNEYS FOR CREDITOR SHERYL MONDT |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | CASE NO. 15-50656-SLJ |
| Daniel Joseph Shaw and Amber June McClain Shaw. | Chapter 7 |
| Debtor. | Adversary Proceeding No. |
| | COMPLAINT TO AVOID DISCHARGE |
| ,SHERYL MONDT, | |
| Plaintiff, | |
| v. | |
| DANIEL J. SHAW | |
| Defendant | |

Plaintiff Sheryl Mondt ('Plaintiff') files the following Complaint to determine dischargeability of the debt owed Plaintiff by Daniel J. Shaw ("Defendant").

1. Defendant is the debtor in bankruptcy case number 15-50656 SLJ filed in the above referenced court on February 15, 2015 [Dkt. #1].

2. Plaintiff is a creditor of Defendant by virtue of, among other things, a judgment in her favor against Defendant for fraud as entered by the Santa Clara County Superior Court in case number 1-11-CV-204182 on February 23, 2012, hereinafter referred to as the "Judgment" (a true and correct copy of that judgment is attached hereto marked Exhibit A and incorporated herein by reference).

3. This is a core proceeding under Title 28 U.S.C. Sections 157(b)(2)91) and (b)(2)(J). The Court has jurisdiction under 28 U.S.C. Section 1334. Venue is proper under 28 U.S.C. Section 1409.

**FACTUAL BACKGOUND**

4. Plaintiff, Sheryl Mondt, is currently 77 years of age and at the time of the events complained of was 65 years of age or older.

5. Defendant and RMRF Enterprises, Inc. dba Cupertino Capital were engaged in the business of brokering real estate development loans through the use of investor funds which were in turn loaned to borrowers, primarily in the real estate development business. RMRF was licensed as a real estate broker in the State of California. Defendant was the owner and sole shareholder of RMRF and the owner and sole shareholder of BDS Capital, Inc.

6. Plaintiff was employed by Defendant and RMRF for a five year period and Plaintiff placed trust and confidence in Defendant with respect to the investment of Plaintiff's funds in various opportunities presented to Plaintiff by Defendant.

7. So far as is relevant, Plaintiff invested in four investment opportunities brought to her by Defendant as follows:

   a. Loan #1035, an investment of $127,000 in a loan to a borrower named Michael Holt;

   b. Loan # 1142, an investment of $200,000 in a loan to a borrower named S&P Properties, LLC, an entity owned and operated by Defendant and one other individual and of which Defendant was the managing member;

   c. Loan #1181, an investment of $101,700 in a loan to a borrower named BKR Investors, LLC which is an entity owned at least in part by Defendant and of which the Defendant was the managing member;

d. Loan #1078, an investment of $70,000 in a loan to a borrower named David Wood.

8. In arranging for, soliciting and managing Plaintiff's investments referred to in the preceding paragraph, Defendant engaged in acts of intentional fraud, breach of fiduciary duty, misappropriation of Plaintiff's property, embezzlement and theft including but not limited to the acts described in detail in the judgment entered by the Superior Court attached hereto as Exhibit A – those findings are incorporated herein by this reference as though fully set forth.

9. As a result of the wrongful acts of Defendant, Plaintiff lost her investments in the principal amount of $498,700.

10. The acts described in the Judgment resulted in the taking, secreting, appropriating and retaining of the property of Plaintiff, an elder person, for a wrongful use and with the intent to defraud and the damages awarded in the Judgment were based, in part, on the claim for financial abuse of an elder.

11. As was determined by the Superior Court in the Judgment, in doing the acts referred to in the Judgment, Defendant was guilty of recklessness, oppression, fraud and malice.

12. Plaintiff filed the Complaint in Superior Court as a result of Defendant's refusal and failure to repay to Plaintiff the funds Defendant deprived her of. Defendant failed to respond to the complaint and the matter proceeded to a prove-up hearing based on Defendant's default. At that hearing evidence was presented following which the Superior Court made the findings and entered the judgment attached hereto as **Exhibit A**.

13. In the Judgment Plaintiff was awarded an amount of $2,121,415. There remains an unpaid balance on that judgment in the amount of $1,500,000 which was awarded as exemplary and punitive damages based on the finding that Defendant acted with fraud, oppression and malice. Inasmuch as the Judgment is now final, the determinations therein are the subject of res judicata and collateral estoppel.

14. Defendant is liable to Plaintiff for the Judgment balance recited above plus interest and costs thereon from February 23, 2012, and Plaintiff asserts that the debt is nondischargeable pursuant to Bankruptcy Code Section 523(a)(6).

## FIRST CLAIM FOR RELIEF

15. Plaintiff incorporates the allegations of Paragraph 1 – 14 by reference as though fully set forth herein.

16. Defendant's actions were wrongful, done intentionally and by necessity caused Plaintiff injury and were taken without just cause or excuse.

17. The findings of the Superior Court are res judicata with respect to Defendant's liability for the balance of the Judgment in the amount of $1,500,000.

18. Based on Defendant's conduct, Defendant's debt to Plaintiff is a debt for willful and malicious injury by the debtor to another under Bankruptcy Code section 523(a)(6) and is consequently nondischargeable thereunder.

WHEREFORE, Plaintiff prays for judgment as follows:

1. A determination that Defendant's debt to Plaintiff, including interest accrued at the legal rate, is nondischargeable;
2. For costs of suit herein incurred, and
3. For such other and further relief as the Court deems just and proper.

DATED: June 4, 2015         BERLINER COHEN LLP

BY: /s/ Frank R. Ubhaus
FRANK R. UBHAUS
ATTORNEYS FOR CREDITOR SHERYL MONDT

# EXHIBIT A

|  |  |  |
|---|---|---|
| 1 | FRANK R. UBHAUS, CA STATE BAR NO. 46085 |  |
| 2 | BERLINER COHEN<br>TEN ALMADEN BOULEVARD<br>ELEVENTH FLOOR | FEB 23 2012 |
| 3 | SAN JOSE, CALIFORNIA 95113-2233<br>TELEPHONE: (408) 286-5800 | DAVID H. YAMASAKI<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara |
| 4 | FACSIMILE: (408) 998-5388<br>frank.ubhaus@berliner.com | BY_____ DEPUTY |
| 5 | ATTORNEYS FOR PLAINTIFF SHERYL MONDT | M. Rosales |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| SHERYL MONDT, | CASE NO. 1-11-CV-204182 |
| Plaintiff, | JUDGMENT BY DEFAULT BY COURT |
| v. | |
| DANIEL SHAW, RMRF ENTERPRISES, INC., a California corporation dba CUPERTINO CAPITAL, BDS Capital, LLC, a California limited liability company, S & P Properties, LLC, a California limited liability company, BKR Investors, LLC, a California limited liability company, and DOES 1 through 50, inclusive, | |
| Defendants. | |

This matter came on regularly for hearing following defendants' default on January 23, 2012 in Department 9 of the above entitled court, the Honorable Mark Pierce, Judge.

Defendants were properly served with a copy of the summons and complaint which asserts claims based on fraud, breach of fiduciary duty, elder abuse, among others, and which alleges that Defendants acted with malice, oppression and fraud, and Defendants failed to answer the complaint or appear and defend the action within the time allowed by law.

In advance of taking the default of Defendants, notice was properly served on Defendants Daniel Shaw and RMRF Enterprises, Inc. that Plaintiff reserved the right to seek punitive damage in the amount of $3,000,000. Defendants' default was entered by the clerk upon Plaintiff's application.

-1-

\FRU\10331212.1
021612-19241001

Case: 15-50656  Doc# 31  Filed: 06/04/15  Entered: 06/04/15 12:23:27  Page 6 of 12

The Court, having considered Plaintiff's testimony and the evidence presented, enters judgment for Plaintiff and, in support of this judgment, makes the following findings:

1. Plaintiff, Sheryl Mondt, is currently 74 years of age and at the time of the events alleged in the complaint was 65 years of age or older.

2. Defendants Daniel Shaw and RMRF Enterprises, Inc. dba Cupertino Capital are engaged in the business of brokering real estate development loans through the use of investor funds which are in turn loaned to borrowers, primarily in the real estate development business. Defendant RMRF is licensed as a real estate broker in the State of California. Defendant Shaw is the owner and sole shareholder of Defendant RMRF and the owner and sole shareholder of Defendant BDS Capital, Inc.

3. Plaintiff Sheryl Mondt was employed by defendants Shaw and RMRF for a five year period and Plaintiff placed trust and confidence in Defendants Shaw and RMRF with respect to the investment of Plaintiff's funds in various opportunities presented to Plaintiff by Defendants Shaw and RMRF.

4. So far as relevant to these proceedings, Plaintiff invested in four (4) investment opportunities brought to her by Defendants Shaw and RMRF as follows:

    a. Loan # 1035 an investment of $127,000 in a loan to a borrower named Michael G. Holt;

    b. Loan #1142 an investment of $200,000 in a loan to a borrower named S & P Properties LLC which is an entity owned and operated by Defendant Shaw and Michael Parsons and of which Defendant Shaw was the managing member.

    c. Loan #1181 an investment of $101,700 in a loan to borrower Defendant BKR Investors LLC which is an entity owned, at least in part by Shaw, and of which Shaw is the managing member.

    d. Loan #1078 an investment of $70,000 in a loan to a borrower named David Wood.

5. In arranging for, soliciting and managing Plaintiff's investments referred to in the preceding paragraph, Defendants Shaw and RMRF engaged in acts of intentional fraud, breach

-2-
JUDGMENT BY DEFAULT BY COURT

of fiduciary duty, misappropriation of Plaintiff's property, embezzlement and theft including but not limited to the acts described in subparagraphs (a.) through (d.) below

(a.) Loan #1035: In or about October 2003 Plaintiff invested $127,000 in Loan #1035 at the suggestion of and based on the express representation by Defendants Shaw and RMRF that the loan was safe and well secured. As in all of the investments Plaintiff made with Defendants Shaw and RMRF, Defendant RMRF acted as Plaintiff's representative with respect to the investment. The trustee on the deed of trust which secured Loan #1035 was Defendant BDS Capital, Inc. On or about October 31, 2005 Michael Holt repaid the loan to Defendant RMRF and thereafter Defendant BDS Capital reconveyed the deed of trust which secured the loan to Holt without repaying Plaintiff's investment. Defendants Shaw and RMRF knowingly and intentionally and wrongfully took and diverted the pay-off funds from Loan #1035 which rightfully belonged to Plaintiff for their own use and benefit without Plaintiff's knowledge or consent. When Plaintiff learned of the misappropriation of her funds, Defendant Shaw falsely assured Plaintiff that her funds had been moved to a property on Mora Drive in Morgan Hill, California and that Plaintiff would be repaid when that property was sold. These representations were false as Defendant Shaw well knew in that Plaintiff's investment funds were not secured by The Mora Drive property and that property was subsequently sold. Plaintiff last received an interest payment on that investment in February 2008 and the principal balance remains unpaid.

(b.) Loan #1142: In or about September 2004 Plaintiff invested $200,000 in Loan #1142 at the suggestion and inducement of Defendants Shaw and RMRF. The borrower on that loan was Defendant S & P Properties LLC, an entity owned and operated by Defendant Shaw and Michael Parsons. Defendant RMRF was the loan servicing agent for Loan #1142 and Defendant BDS Capital was the trustee on the deed of trust executed by S & P Properties to secure the loan. Loan #1142 was in the total amount of $950,000 and Defendants Shaw and RMRS expressly represented to Plaintiff that the market value of the property was $3.4 million and that Loan #1142 would be in second place behind a first deed of trust securing a loan of $1.8 million. Sometime in 2006 Defendants Shaw, RMRF, BDS Capital and S & P Properties, without notice to or the consent of Plaintiff, reconveyed the deed of trust securing Loan 1142 and

-3-
JUDGMENT BY DEFAULT BY COURT

Case: 15-50656    Doc# 31    Filed: 06/04/15    Entered: 06/04/15 12:23:27    Page 8 of 12

refinanced the property and willfully and intentionally and wrongfully diverted the proceeds of the refinancing for their own use and benefit. As a result of Defendants' wrongful actions, Plaintiff lost her $200,000 investment and her security. Although Defendants continued to make interest payments to Plaintiff in an apparent effort to conceal the fact that they had misappropriated her funds and her property, those payments ceased in April 2011.

(c.) Loan #1181: In or about December 2004 Plaintiff invested $101,700 in Loan #1181 at the suggestion and inducement of Defendants Shaw and RMRF. The borrower, BKR Investors LLC, was an entity owned, at least in part, by Defendant Shaw and of which Defendant Shaw was the managing member. Defendant RMRF was the loan servicing agent and Defendant BDS Capital was the trustee on the deed of trust securing the loan. At the time Defendants Shaw and RMRF solicited Plaintiff's investment in Loan #1181 they expressly represented both orally and in writing that this was a short term loan in the amount of $900,000 secured by a first deed of trust against property with a value of $1.5 million and that the loan would be repaid as soon as construction funding was obtained and prior to the commencement of construction. Plaintiff relied on those representations in making her investment in this loan. In fact, the representations regarding repayment were not true and Defendants had no intention of repaying Plaintiff's investment from construction funding. In September 2005 Defendants obtained construction financing through a construction loan in the amount of $8.4 million secured by a first deed of trust against the property. Defendants did so without repaying Plaintiff's investment as represented and without notice to or the consent of Plaintiff moved the deed of trust securing Loan #1181 into second position behind the $8.4 million first deed of trust thereby misappropriating Plaintiff's funds and her security. The deed of trust securing Loan #1181 has since been reconveyed by Defendants and the property has been transferred to a third party. Plaintiff last received an interest payment on this investment in June 2008 and the principal balance remains unpaid.

(d.) Loan #1078: In or about November 2007 Plaintiff invested $70,000 in Loan #1078 at the suggestion and inducement of Defendants Shaw and RMRF the effect of which was to take out the position of Defendant RMRF which had made the original loan to the

-4-
JUDGMENT BY DEFAULT BY COURT

Case: 15-50656    Doc# 31    Filed: 06/04/15    Entered: 06/04/15 12:23:27    Page 9 of 12

borrower David Wood through its 401K plan. In inducing Plaintiff to make this investment, Defendants Shaw and RMRF expressly represented to Plaintiff that the investment was a "slam dunk", that the loan would perform and that it was well secured by real property on Rockwood Ranch Road in Morgan Hill, California. Plaintiff relied on these representations although the representations were not, in fact, true. As Defendants Shaw and RMRF knew, the loan was not a slam dunk, the property did not have the value represented by Shaw. The trustee on the deed of trust securing Loan #1078 was Defendant BDS Capital. At some point prior to June 2009 at the direction of Defendant Shaw and without notice to or the consent of Plaintiff, Defendant BDS foreclosed on the deed of trust securing Loan #1078 and took title to the property in its own name. Thereafter, Defendant BDS Capital, at the direction of Defendant Shaw, without the knowledge or consent of Plaintiff, borrowed $400,000 and secured that borrowing with deeds of trust against the Rockwood Ranch property. Defendant BDS thereafter conveyed title to the Rockwood Ranch property to an LLC that Defendant Shaw has represented he set up for Plaintiff with Plaintiff as the sole and managing member, all without Plaintiff's knowledge or consent. Based on the testimony of Plaintiff and the evidence introduced at the hearing the Court finds that Defendants Shaw, RMRF and BDS willfully and intentionally misappropriated Plaintiff's $70,000 investment along with the security for that investment. Plaintiff last received an interest payment in connection with this investment in September 2009 and the principal balance remains unpaid.

6. As a result of the wrongful acts of Defendants, Plaintiff has lost her investments in the total principal amount of $498,700.

7. The acts described in the preceding paragraphs of this judgment as to all defendants resulted in the taking, secreting, appropriating and retaining of the property of Plaintiff, Sheryl Mondt, an elder person, for a wrongful use and with intent to defraud and the damages awarded by this judgment are based, in part, on the claim for financial abuse of an elder contained in the complaint in this matter.

8. In doing the acts referred to in the preceding paragraphs of this judgment Defendants Shaw and RMRF, jointly and severally, were guilty of recklessness, oppression,

-5-
JUDGMENT BY DEFAULT BY COURT

fraud and malice.

Accordingly, proof of the allegations of the complaint having been made to the satisfaction of the Court,

IT IS HEREBY ORDERED that Plaintiff have and receive judgment from the Defendants Shaw and RMRS in the amount of $2,121,415, from Defendant S & P Properties in the amount of $213,500 and from Defendant BKR Investors in the amount of $136,448. These amounts are derived as follows as follows:

    a. Loan #1035 as to Defendants Shaw and RMRF the sum of $127,000 together with interest thereon at the rate of 9.75% per annum, the interest set out in the promissory note, from the date of the last payment on that note, February 2008, to date in the amount of $49,530.00 for a total of $176,530.

    b. Loan # 1142 as to Defendants Shaw, RMRF and Defendant S & P Properties LLC the sum of $200,000 together with interest thereon at the rate of 9% per annum, the rate set out in the promissory note, from the date of last payment, September 2010, on that note to date in the amount of $13,500 for a total of $213,500.

    c. Loan #1181 as to Defendants Shaw, RMRF and Defendant BKR Investors the sum of $101,700 together with interest thereon at the rate of 10% per annum, the rate set out in the promissory note, from the date of last payment, August 2008, to date in the amount of $34,747 for a total of $136,448.

    d. Loan # 1078 as to Defendants Shaw and RMRF the sum of $70,000 together with interest thereon at the rate of 9.5% per annum, the rate set out in the promissory note, from the date of last payment on that note, April 2008, to date in the amount of $24,937 for a total of $94,937.

    e. As to Defendants Shaw and RMRF damages in the sum of $1,500,000 as and for punitive and exemplary damages.

///
///
///

-6-
JUDGMENT BY DEFAULT BY COURT

Case: 15-50656   Doc# 31   Filed: 06/04/15   Entered: 06/04/15 12:23:27   Page 11 of 12

IT IS FURTHER ORDERED that all Defendants pay Plaintiff's attorneys' fees in the amount of $15,500 and Plaintiff's costs and disbursements in the amount of $653.00, together with interest on the Judgment as provided by law.

SO ORDERED:

DATED: FEB 17 2012

Hon. Mark H. Pierce
JUDGE OF THE SUPERIOR COURT

Case: 15-50656   Doc# 31   Filed: 06/04/15   Entered: 06/04/15 12:23:27   Page 12 of 12